## Howes and others vs. The City of Racine.

*Sec. 1, ch. 81, Laws of 1863.—Injunction against sale of land for taxes, where valid portion of taxes unpaid.*

1. Taxes levied upon the property of an entire ward, to defray the expense of a local improvement, are within the intent of the provision in sec. 1, ch. 81, Laws of 1863, which directs the sale of lands for non-payment of taxes, after the dissolution of an injunction by which such sale at the time previously fixed by law has been restrained.

2. Whether a special assessment upon a particular lot for work done in connection with such lot, is included within the terms of said act, is not here decided.

3. But an injunction should not be granted to restrain the sale of a lot for the amount of a ward tax and of such a special assessment, unless the ward tax is paid, the same being valid.

APPEAL from the Circuit Court for *Racine* County.

Action by lot owners in the second ward of the city of Racine, to restrain a sale of their lots for the non-payment of certain assessments made thereon, in 1856, for the construction of piers and breakwaters in said ward. The complaint avers that the sum of $8600 was so assessed—"$6600 on individual lot owners, and the remaining $2000 on said second ward at large;"

that in 1858, said circuit court granted an injunction against the collection of "said assessment on said ward and on said lots," which decision was afterwards reversed by the supreme court; that in consequence of the granting of the injunction, said assessment could not be collected without further legislation; that the law of 1863 (ch. 81) authorizing officers who have been enjoined from selling lands for taxes, to proceed after the injunction is dissolved, &c., does not comprehend assessments for municipal purposes, or special assessments like that in question; that the piers and breakwaters so erected proved utterly worthless to prevent the encroachments of the lake, and of the lots so assessed many have wholly and others partially disappeared; that such protection should be made at the expense of the whole city; and that nevertheless the city authorities have directed the treasurer to advertise and sell plaintiffs' lots, "for such assessment, interest and costs." Prayer, that defendant be restrained from such sale.

A demurrer to the complaint was overruled, and defendant appealed.

*Elbert O. Hand,* for appellant, contended that the validity of the tax or assessment in question was adjudged by the court in *Soens v. City of Racine,* 10 Wis., 271; that the levying of such assessment was a legitimate exercise of the taxing power (Sedgw. on Con. Law, 502–4; *Bond v. Kenosha,* 17 Wis., 284; *Weeks v. Milwaukee,* 10 id., 242; *People v. Mayor &c.,* 4 Coms., 419); and that ch. 81, Laws of 1863, applied to the case. Sedgw., 359–61; *People v. N. Y. Cent. R. R.,* 13 N. Y., 82; *Kellogg v. Oshkosh,* 14 Wis., 629.

*Paine & Millet,* for respondent. [No brief on file.]

DOWNER, J. The word "assessment" is frequently applied to the special tax imposed upon real estate (which is but a part, and generally but a small part, of some political division), for some improvement specially adding to its value, and

by which the public is also benefitted; as when the expense of making streets in front of certain lots is assessed on such lots. But if the same improvement is made at the expense of the entire city or ward in which it is, then the imposition upon the property in the entire city or ward to pay the expense of such improvement is a "tax," in the ordinary sense in which that word is used. This being so, the complaint in this action sets out the levying or assessing of a ward tax upon the second ward of the city of Racine, to the amount of two thousand dollars, to raise money to defray the expenses in part of the improvements therein mentioned, and assessments on various lots to pay the residue. It is not clear from the complaint, whether the ward tax alone was levied or assessed upon the lots owned by the plaintiffs respectively, or that and the special assessments. The collection of the ward tax on lots not subject to the special assessment ought not to have been enjoined; and we think no relief by injunction should have been granted as to the other lots, unless the ward tax was first paid; as it is clear that that tax is within the provisions of sec. 1, ch. 81, Laws of 1863.

Whether the special assessments are not also taxes within the meaning of that section, it is unnecessary for us now to determine, as that chapter has been repealed, and by a subsequent law provision made for collecting assessments as well as taxes, the collection of which has been delayed by injunction.

*By the Court.*—The judgment is reversed, and cause remanded for further proceedings.